## GRAYBURG OIL CO. v. BLYTH WITTER & CO.

Circuit Court of Appeals, Fifth Circuit.
March 9, 1928.

No. 5146.

Estoppel ⬅️92(2)—Corporation, having contracted for services of engineer to make report on oil lands, held estopped to deny liability, where report was unfavorable.

Defendant corporation, owner of oil lands, which contracted with complainant to float for it an issue of bonds, if the report of an engineer was favorable, and also agreed to pay the agreed charge of a particular engineer to be employed by complainant, and accepted his services as rendered without objection, held estopped to deny liability therefor where the report proved unfavorable and the bond issue was abandoned.

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

Suit in equity by Blyth Witter & Co. against the Grayburg Oil Company. Decree for complainant, and defendant appeals. Affirmed.

Victor Keller, of San Antonio, Tex., for appellant.

Dick O. Terrell and Robt. J. McMillan, both of San Antonio, Tex. (Terrell, Davis, Huff & McMillan, of San Antonio, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the petition substantially alleges:

That appellee had contracted with appellant to float a bond issue of $2,000,000 on appellant's property, contingent on a favorable report of a competent oil engineer to be employed by it, and for whose services appellant was to pay; that E. De Golyer, an oil engineer of national reputation, was employed pursuant to the exchange of the following telegrams:

"De Golyer estimates that report consume five to six days. Would be worth five thousand to seventy-five hundred. He probably available first next week. At first glance this may appear high but considering De Golyer's international reputation, and further considering that this two million dollar deal I am not inclined to consider excessive. Further believe that De Golyer report on property may be of much future value to Grayburg Company. If this meets with your and Col. Diehl's approval, please advise me by wire."

"De Golyer terms acceptable. Haskin and Sells can start working end of this week and complete audit in two or three weeks."

That De Golyer completed his report, for which appellee paid him $7,037.44; that it proved unfavorable, and appellee declined to float the bond issue for $2,000,000, but offered to do so for a lesser amount, which appellant in turn refused.

Appellant admitted the exchange of telegrams and its agreement to pay for an engineer's services, but set up that De Golyer did not visit the property in person, did not

correctly value some of it, and omitted some from his estimates of value.

Appellee filed a plea of estoppel to the defenses sought to be interposed, and moved for the transfer of the cause to the equity side of the court. Without objection from appellant, the case was transferred, and proceeded in equity, with the result that the plea of estoppel was maintained, and judgment awarded appellee.

While the method of trial may have been somewhat irregular, it is evident that appellant consented to it until after judgment. It is not shown that there was any agreement or necessity that De Golyer should visit the property in order to make his report. He sent an assistant, who is not shown to have been incompetent, and there would seem to be no good reason why he could not base his conclusions on data compiled by his assistant. Furthermore, it must be remembered the agreement was to employ this particular engineer, and his compensation was fixed in advance. Appellant was aware of how he was going about his work, and made no timely objection. Bad faith on the part of either appellee or De Golyer is not shown, and it is clear that the only objection appellant has to paying the bill arises out of the unfavorable character of the report.

We find no reversible error in the record. Affirmed.